[No. 29428. Department One. October 4, 1944.]

JOHN BRADLEY, *Appellant,* v. S. L. SAVIDGE, INC., *Respondent.*[1]

*Le Cocq & Simonarson* and *Shank, Belt, Rode & Cook* (*R. W. Greene,* of counsel), for appellant.

*Eggerman, Rosling & Williams,* for respondent.

[1]Reported in 152 P. (2d) 149.

MILLARD, J.—Defendant corporation was engaged in the automobile business in the city of Seattle. Friday, November 24, 1939, Allen Lacy, who had been employed by defendant as an automobile salesman for six years, sold for his employer a used car to a man who was employed at a point one hundred and fifty miles from Seattle. The sales contract was signed and a payment of one hundred dollars made by check. The automobile was delivered to the vendee at that time, which was in violation of a rule of defendant that, until approval of the contract by an executive officer of defendant corporation, the subject matter of the contract should not be delivered to the vendee.

Tuesday, November 28, 1939, the vendee's check was returned by the bank to defendant's office for the reason that the vendee did not have sufficient funds with which to pay the check. Lacy was informed by the manager of defendant's used car department that he would be required to secure the return of the automobile at his own expense.

Wednesday morning, November 29, 1939, Lacy's request for expense money for the journey was denied, and he was directed by the general manager of defendant corporation to take with him on the trip to repossess the car a Mr. Calvin, who was in charge of collections and handled all repossessions. When these instructions were given to Lacy, Calvin was not at the defendant's office, but returned about an hour after the departure of Lacy, who disobeyed the instructions given to him and took with him on the trip a personal friend named Parker, who was not in the employ of, nor was he known to, defendant corporation. Lacy did not inform anyone that he intended to take Parker with him. He made contact with his friend some distance from defendant's place of business for the reason, he testified, he did not want any of the officials of defendant corporation to see him leaving with Parker, because he would have been required to stop and wait for Mr. Calvin.

After repossession of the car, Lacy permitted Parker to drive the automobile borrowed for the journey while he drove the repossessed car. They agreed to meet at Lacy's residence in Seattle. On the return trip, Parker negligently

collided with plaintiff, causing damages for which plaintiff instituted an action to recover.

The cause was tried to a jury and a verdict rendered in favor of plaintiff. At the close of plaintiff's case, defendant moved for a nonsuit and, at the close of all the evidence, moved for a directed verdict. Both motions were denied. Defendant's motion for judgment notwithstanding the verdict was denied. From judgment entered on the verdict of the jury, defendant appealed. On the ground that there was not a shred of evidence to warrant the inference that Parker was in any way a servant, agent, or representative of defendant company, we reversed the judgment and directed the trial court to enter a judgment dismissing the action. *Bradley v. Savidge, Inc.,* 13 Wn. (2d) 28, 123 P. (2d) 780.

On the ground that plaintiff had other and additional evidence on the question of agency, which plaintiff had not introduced in evidence at the first trial in reliance upon a rule relative to presumptions, which rule plaintiff contended had been overruled by this court's decision, thereby changing the rules of the game after the game was concluded, plaintiff filed a motion in this court to recall the remittitur for the purpose of adding to the remittitur a direction to the trial court to grant the plaintiff a new trial. Without an opinion, we entered an order recalling the remittitur and granted to the plaintiff a new trial, the same to be tried in accordance with the rules "laid down in the *En Banc* decision."

On this, the second trial, the jury returned a verdict in favor of the defendant. From judgment entered on the verdict, plaintiff appealed.

Appellant moves in this court amendment of his complaint to conform to the proof by showing in the complaint that respondent, while having an experienced employee, Calvin, possessed of special equipment for towing a repossessed car and solely in charge of repossession of cars for respondent, negligently ordered its employee, Lacy, known to respondent to be a hard drinking and untrustworthy employee, to repossess the automobile he had sold without furnishing Lacy with any special equipment for

towing the repossessed automobile and then knowing it would require two men to perform the task of repossession of the automobile.

Appellant's motion is doubtless based on the situation which existed Tuesday before the accident, when the credit manager of respondent advised Lacy he must at his own expense secure return of the automobile. It must be borne in mind that the following day, when the matter was brought to the attention of the general manager an order was issued to Lacy requiring him to take Calvin on the trip.

The motion is a basis for appellant's argument that the jury should have been given an instruction defining implied authority when a servant is ordered to accomplish a result requiring the help of an assistant. There is no question in the case at bar of implied authority. That argument was presented in the former appeal, and we concluded that from the evidence it was apparent that Lacy had neither express nor implied authority to employ Parker to undertake the journey and drive respondent's car. We further said that the evidence disclosed not only that Lacy lacked both express and implied authority to engage the services of Parker, but also that his invitation to Parker was in violation of his employer's express command to take Calvin.

It further appears that, during the course of the second trial, counsel for respondent asked a witness if it was necessary for a second individual to go along when a repossession was to be made, to which question counsel for appellant objected on the ground that the interrogation was immaterial, as "we are dealing here with a specific instance," and that there was no question of implied authority—"There were express orders."

The motion to amend is denied. It ignores the important element that express instructions were given to Lacy to go with Calvin on the repossession trip. The motion is denied for the additional reason that the argument advanced by appellant could have been presented and decided on the former appeal, hence it is now barred by the law of the case. At both trials, the jury could have found from the

evidence that, if Lacy had obeyed instructions and gone with Calvin, Calvin's car with the towing attachment was the one which probably would have been used.

Counsel for appellant stress the evidence which establishes the fact that Lacy was untrustworthy. That evidence was present in both trials. The general manager of respondent corporation testified at the first trial that, as he knew Lacy, he did not feel that he was trustworthy to go after the car; and at the second trial the general manager testified he did not want Lacy to make the trip alone because he was not trustworthy, that Lacy was in the habit of drinking heavily, and the general manager wanted Calvin to go with Lacy so that the repossession would be handled properly.

Questions decided on a former appeal, or which might have been decided on a former appeal, cannot be again presented upon a second appeal where there is, as is the situation presented to us, no material change in the evidence.

Appellant's assignments of error respecting the failure to charge the jury with reference to implied authority of Lacy to employ an assistant to aid him in the performance of a task which necessarily required two persons, and the failure of the court to give any instructions defining implied authority, are without substantial merit.

The authorities which hold that the question of implied authority in the servant to employ an assistant is one for the jury where a master directed a servant to perform a task which the master knows requires the assistance of another person and the master gives no instructions regarding the engaging of an assistant, are inapposite.

Express instructions in the matter of the assistant were given. There can be no implication of authority when the subject is covered by express authority. Appellant's trial counsel admitted in open court that there was no question of implied authority in the case, and it was on this theory that the case was tried. Conclusive of the argument is the finding in the opinion on the first appeal, which has become

the law of this case, that Lacy had no implied authority to engage Parker.

Appellant may not justly complain of the failure of the trial court to give an instruction on a particular subject when he did not request the trial court to give any such instruction. The exception, which is the only one which appellant took to the giving or refusing to give instructions, that instruction No. 10 did not include the element of the performance of a duty necessarily requiring assistance and does not define implied authority, is without merit. Instruction No. 10 follows the opinion of this court upon the first appeal.

We agree with counsel for respondent that, as the law places liability upon employers for the tortious conduct of their employees, the employers in turn possess the power to select their own servants; from which it follows that the master-servant relationship cannot be imposed upon an employer without his express or implied consent. Lacy did not have the authority to employ Parker. He was expressly ordered to take Calvin with him. Parker, therefore, cannot be considered as a servant of respondent. These principles constitute the law of this case, having been expressly decided on the first appeal. No good purpose would be served by reviewing all the authorities cited.

The judgment is affirmed.

SIMPSON, C. J., STEINERT, JEFFERS, and GRADY, JJ., concur.

November 10, 1944. Petition for rehearing denied.